# IN THE COURT OF APPEALS OF IOWA

No. 20-0808
Filed June 30, 2021

**SABRINA McINTOSH and MICHAEL McINTOSH,**
Plaintiffs-Appellants,

**vs.**

**CLASSIC BUILDERS, INC.,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Plaintiffs Sabrina and Michael McIntosh appeal the order granting summary judgment to and dismissing their claims against Classic Builders, Inc. **AFFIRMED.**

Matthew M. Sahag of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellants.

Andrew C. Johnson of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

The facts of this case as they relate to this appeal are largely undisputed. Classic Builders, Inc. constructed a house in 2011 and sold it to Kristopher and Lindsie Anderson that same year. The Andersons then sold the house to Sabrina and Michael McIntosh in 2015. While it is disputed whether the Andersons adequately disclosed basement water issues with the house in the paperwork accompanying the sale, the Andersons did disclose at least one episode of water in the basement prior to the sale being completed. After the McIntoshes purchased the house, water seeped into the basement a number of times, damaging some of the McIntoshes' personal belongings. To prevent further problems and damage, the McIntoshes incurred significant expenses to waterproof the basement.

The McIntoshes sued Classic Builders and the Andersons seeking damages related to the basement flooding issues. With regard to Classic Builders, the McIntoshes asserted a claim for breach of implied warranty of workmanlike construction. To support their claims, the McIntoshes procured an opinion from an expert witness who opined the flooding occurred due to "one or more of" four possible causes: (1) a crack in the city's waterline, (2) a crack in the house's foundation, (3) a crushed drain tile, or (4) the house being built below the water table. Classic Builders did not present any opinions from a competing expert witness.

The McIntoshes, the Andersons, and Classic Builders each moved for summary judgment. The district court determined fact questions existed as to the claims against the Andersons and so denied the summary judgment motions related to the McIntoshes' claims against the Andersons. As to the claims against

Classic Builders, the district court concluded the McIntoshes' expert "speculated that one of three conditions might be the cause of the problem"[1] but the McIntoshes presented no evidence that any of those three conditions actually existed. Therefore, the district court determined the McIntoshes failed to generate a fact question on one of the elements of their cause of action and granted Classic Builders's motion for summary judgment while denying the McIntoshes' motion. The McIntoshes appeal.

## I.     Standard of Review

"The standard of review for summary judgment is correction of errors of law." *Hollingshead v. DC Misfits, LLC*, 937 N.W.2d 616, 618 (Iowa 2020). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018) (quoting *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014)). "We review the facts in the record 'in the light most favorable to the nonmoving party' and 'draw every legitimate inference in favor of the nonmoving party.'" *Hollingshead*, 937 N.W.2d at 618 (quoting *Skadburg v. Gately*, 911 N.W.2d 786, 791 (Iowa 2018)).

## II.    Discussion

The fighting issue on appeal is whether the McIntoshes demonstrated a genuine issue of material fact on their claim for breach of implied warranty of

---

[1] By the time of the summary judgment hearing, a crack in the city waterline had apparently been ruled out as a potential cause of the seepage to the satisfaction of the parties, leaving only the remaining three potential causes.

workmanlike construction.  The parties generally agree that the claim requires the McIntoshes to prove five elements:

> (1)   The house was constructed to be occupied by the buyer as a home;
> (2)   The house was purchased from a builder-vendor, who had constructed it for the purpose of sale;
> (3)   When sold, the house was not reasonably fit for its intended purpose or had not been constructed in a good and workmanlike manner;
> (4)   At the time of purchase, the buyer was unaware of the defect and had no reasonable means of discovering it; and
> (5)   By reason of the defective condition the buyer suffered damages.

*See Flom v. Stahly*, 569 N.W.2d 135, 142 (Iowa 1997); *Kirk v. Ridgway*, 373 N.W.2d 491, 496 (Iowa 1985).  The dispute here is whether there is a genuine issue of material fact regarding the third element.  The parties agree that, due to complexities of house construction and causes of water seepage, an expert witness is needed to establish the third element.  The McIntoshes argue there is no genuine issue of material fact and the element has been established as a matter of law based on their expert's opinion for which there is no competing expert opinion.  Classic Builders argues that the McIntoshes' expert's opinion does not generate a genuine issue of material fact, so the claim fails as a matter of law.

We agree with Classic Builders and the district court.  In reaching this conclusion, we acknowledge the McIntoshes' point that their expert opines that "more likely than not" the flooding in the basement was caused by one of several possible problems with the basement.  We further acknowledge this opinion from their expert would be enough to generate a fact question if there were evidence the possible problems identified by the expert existed.  *See Hansen v. Cent. Iowa Hosp. Corp.*, 686 N.W.2d 476, 485 (Iowa 2004) (holding expert testimony

indicating probability or likelihood of a causal connection is sufficient to generate a fact question on causation). However, there is a fatal flaw in the McIntoshes' efforts to generate a fact question. Their expert's opinion was that the seepage was caused by a crack in the house's foundation, a crushed drain tile, or the house being built below the water table. However, the McIntoshes presented no evidence to generate a fact question that any of those three conditions actually existed. Without evidence showing that the house actually had any of the conditions upon which their expert's opinion was based, the McIntoshes failed to generate a fact question as to the third element of their cause of action. In resisting a motion for summary judgment, the McIntoshes were required to produce "competent evidence showing a *prima facie* claim." *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019). Their expert's opinion is essentially the only evidence the McIntoshes produced to show Classic Builders did not construct the house appropriately. They acknowledge that they did not take further steps to identify what the specific cause of the water damage actually was, nor that the house was not constructed in a workmanlike manner. Based on the failure of the McIntoshes to generate a genuine issue of material fact that any of the three conditions identified by their expert as possible causes of the seepage actually existed, the district court properly granted Classic Builders's summary judgment motion and denied the McIntoshes' own.

**AFFIRMED.**